

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NJM:VAZ
F. #2022R00470

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 25, 2022

By ECF and E-mail

The Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Jayson Pascual
       Criminal Docket No. 22-150 (RJD)

Dear Judge Dearie:

  The government respectfully submits this letter in advance of the defendant Jayson Pascual's sentencing, which is scheduled for December 12, 2022, at 2:00 p.m. (See Aug. 23, 2022 Minute Entry.) For the reasons set forth below, this Court should impose a sentence within the applicable United States Sentencing Guidelines ("Guidelines") range of 37 to 46 months' imprisonment.

I. Background

  The facts are set forth in the Presentencing Investigation Report ("PSR") dated October 11, 2022. The defendant was arrested on October 19, 2021, and was detained for approximately one month before being released on bond on November 23, 2021. (PSR at 1.)

  On the day of the defendant's arrest, law enforcement observed him entering and exiting the Woodside, New York, house of a co-conspirator in a methamphetamine distribution scheme. (See PSR ¶¶ 4-6.) At a traffic stop about ten minutes later, law enforcement arrested the defendant and recovered 12 clear Ziplock bags with substances containing methamphetamine in a search incident to the arrest. (See id. ¶ 7.) The substances containing methamphetamine weighed 338 grams in total. (Id.)

  In statements to law enforcement, the defendant stated that he was "just the delivery guy," that he knew his co-conspirator was a drug dealer, and that he had been buying methamphetamine from the co-conspirator since approximately 2017. (Id. ¶¶ 7, 9.) The defendant stated that, because he needed extra money, he had recently started delivering

methamphetamine on behalf of the co-conspirator, and that he was paid approximately $300 to $500 for making deliveries.  (Id. ¶ 9.)

On April 4, 2022, the government filed a notice of its intent to proceed by information against the defendant under Rule 7(b) of the Federal Rules of Criminal Procedure. (ECF No. 23.)  However, on June 7, 2022, after multiple adjournments of scheduled Rule 7(b) hearings (and the addition of drug testing and treatment as a bail condition), a grand jury returned an indictment charging the defendant with one count of narcotics trafficking conspiracy, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B)(viii).  (See ECF No. 27; see also May 10, 2022 Minute Entry.)  On August 23, 2022, the defendant pleaded guilty to the indictment pursuant to a plea agreement with the government.  (See Aug. 23, 2022 Minute Entry.)

II.     Guidelines Calculation

The government agrees with the defendant that he fulfilled the requirements for the safety valve provisions in U.S.S.G. §§ 2D1.1(b)(18) and 5C1.2(a) and 18 U.S.C. § 3553(f). (See ECF No. 32 at 1.)  The parties otherwise agree with the Guidelines calculation proposed in the PSR.  Thus, the Guidelines calculation is as follows:

Count One

| | | |
|---|---|---:|
| Base Offense Level (§ 2D1.1(a)(5), (c)(7)) | | 26 |
| Less: | Safety Valve (§ 2D1.1(b)(18)) | -2 |
| Less: | Acceptance of Responsibility (§ 3E1.1(a), (b)) | <u>-3</u> |
| Total: | | <u>21</u> |

Accordingly, based upon an offense level of 21 and Criminal History Category of I, the applicable Guidelines range for the defendant is 37 to 46 months' imprisonment.

III.    Analysis

A.     Legal Standard

This Court "shall impose a sentence sufficient, but not greater than necessary," to achieve the goals of sentencing.  18 U.S.C. § 3553(a).  "[I]n determining the particular sentence to be imposed," the Court "shall consider" certain factors set forth in § 3553(a), including the applicable Guidelines range.  Id.  The Court must "correctly calculat[e] the applicable Guidelines range" because a miscalculation constitutes "significant procedural error."  Gall v. United States, 552 U.S. 38, 49, 51 (2007).  The Guidelines range "should be the starting point and the initial benchmark."  Id. at 49.  Still, the Court "should not presume" the reasonableness of the calculated Guidelines range and "must make an individualized assessment based on the facts presented."  Id. at 50.  The Court must "adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."  Id. at 51.

2

  B. <u>The Appropriate Sentence</u>

  The § 3553(a) factors counsel in favor of a sentence within the Guidelines range of 37 to 46 months' imprisonment. The applicable Guidelines range reflects the seriousness of the defendant's scheme to transport a significant amount of methamphetamine in bags that could readily be distributed to numerous others. <u>See</u> 18 U.S.C. § 3553(a)(2)(A). Underscoring the seriousness of the crime, federal courts have noted that methamphetamine is a "highly addictive drug," <u>United States v. Moynihan</u>, No. 11-CR-991 (KMW), 2021 WL 694236, at *2 (S.D.N.Y. Feb. 23, 2021), the trafficking of which "endangers the community," <u>United States v. Wolf</u>, No. 15-CR-624 (WFK), 2019 WL 1429614, at *5 (E.D.N.Y. Mar. 29, 2019); <u>see also</u> <u>Chavez-Meza v. United States</u>, 138 S. Ct. 1959, 1967 (2018) (noting district court's observations that methamphetamine "destroys individual lives," "destroys families" and "can destroy communities" (citation omitted)).

  A Guidelines-range sentence also would provide sufficient deterrence as to the defendant and to others contemplating narcotics trafficking. <u>See</u> 18 U.S.C. § 3553(a)(2)(B). Moreover, the defendant's qualification for the safety valve already dramatically decreases his sentencing exposure; without the safety valve, the defendant would face a 60-month mandatory minimum sentence. And there is nothing unusual or noteworthy in the defendant's background that would excuse or justify his crimes. This defendant's conduct is precisely within the ambit of what the Guidelines contemplate.

  Accordingly, a sentence within the defendant's Guidelines range would reflect the seriousness of the defendant's conduct and the need to provide adequate deterrence to future criminal conduct, and no downward departure is warranted. <u>See id.</u> § 3553(a)(1), (a)(2).

IV. <u>Conclusion</u>

  For the foregoing reasons, the government respectfully requests that this Court impose a Guidelines range sentence of 37 to 46 months' imprisonment.

          Respectfully submitted,

          BREON PEACE
          United States Attorney

        By:  /s/ Victor Zapana
          Victor Zapana
          Assistant U.S. Attorney
          (718) 254-7180

cc: Clerk of the Court (RJD) (by ECF)
   Defense Counsel (by ECF)